## IN THE COURT OF COMMON PLEAS
### RICHLAND COUNTY, OHIO

RICHLAND COUNTY
CLERK OF COURTS
FILED

2022 DEC -5 A 11: 16

LINDA H. FRARY
CLERK OF COURTS

**Unsal Yonak**
18 Royal Palm Way, Apt. 507,
Boca Raton, Florida 33432,

And,

**Tulin Yonak**
18 Royal Palm Way, Apt. 507,
Boca Raton, Florida 33432,

And,

**Arzu Yonak**
777 S. Federal Highway, Apt. N 208,
Pompano Beach, Florida 33062,

And,

**Marc Claus**
777 S. Federal Highway, Apt. N 208,
Pompano Beach, Florida 33062,

    Plaintiffs,

v.

**J-Trac, Inc.**
d/b/a Dearman Moving & Storage
961 North Main St.,
P.O Box 1992
Mansfield, Ohio 44903

Serve also at:
c/o Jeffrey L. Campbell
1200 Westmoor Dr.,
Galion, Ohio 44833

And,

CASE NUMBER:
22 -CN-623

JUDGE: ROBINSON

**JURY DEMANDED HEREIN**

1

# EXHIBIT "2"

3.  Plaintiff Tulin Yonak is an individual who resides at 18 Royal Palm Way, Boca Raton, Florida 33432.

4.  Plaintiff Arzu Yonak is an individual who resides at 777 S. Federal Highway, Apt. N 208, Pompano Beach, Florida 33062.

5.  Plaintiff Marc Claus is an individual who resides at 777 S. Federal Highway, Apt. N 208, Pompano Beach, Florida 33062.

6.  Defendant Dearman is a moving company with a principal place of business located at 961 N. Main St., Mansfield, Ohio 44903.

7.  Defendant UVL is a moving company with a principal place of business located at 1 Premier Drive, Fenton, Missouri, 63026.

## III.    JURISDICTION AND VENUE

8.  This Court has jurisdiction over the parties and claims under the Ohio laws cited herein.

9.  This Court has jurisdiction over this action pursuant to R.C. 2305.01.

10.  This Court has personal jurisdiction over Defendants pursuant to R.C. 2307.382.

11.  Venue is proper in Delaware County, Ohio pursuant to Civ.R. 3(C), as it is the County in which Defendant Dearman maintains its principal place of business, where Defendants conducted the activity that gives rise to Plaintiffs' claims, and the County in which all or part of the claim for relief arose.

## IV.    GENERAL ALLEGATIONS

12.  Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

13.  On or about March of 2022, Plaintiff Unsal Yonak called Defendant UVL to get an estimate for the Move.

3

3. Plaintiff Tulin Yonak is an individual who resides at 18 Royal Palm Way, Boca Raton, Florida 33432.

4. Plaintiff Arzu Yonak is an individual who resides at 777 S. Federal Highway, Apt. N 208, Pompano Beach, Florida 33062.

5. Plaintiff Marc Claus is an individual who resides at 777 S. Federal Highway, Apt. N 208, Pompano Beach, Florida 33062.

6. Defendant Dearman is a moving company with a principal place of business located at 961 N. Main St., Mansfield, Ohio 44903.

7. Defendant UVL is a moving company with a principal place of business located at 1 Premier Drive, Fenton, Missouri, 63026.

## III.   JURISDICTION AND VENUE

8. This Court has jurisdiction over the parties and claims under the Ohio laws cited herein.

9. This Court has jurisdiction over this action pursuant to R.C. 2305.01.

10. This Court has personal jurisdiction over Defendants pursuant to R.C. 2307.382.

11. Venue is proper in Delaware County, Ohio pursuant to Civ.R. 3(C), as it is the County in which Defendant Dearman maintains its principal place of business, where Defendants conducted the activity that gives rise to Plaintiffs' claims, and the County in which all or part of the claim for relief arose.

## IV.   GENERAL ALLEGATIONS

12. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

13. On or about March of 2022, Plaintiff Unsal Yonak called Defendant UVL to get an estimate for the Move.

14. Plaintiffs told Defendant UVL that they wanted to hire them specifically as opposed to another carrier.

15. On or about March of 2022, Defendant UVL told Plaintiffs that they would provide an estimate and moving services through their local agent, Dearman.

16. Defendant UVL did not disclose the nature of the business relationship between Defendants UVL and Dearman to Plaintiffs before Plaintiffs hired Defendants to move their belongings.

17. Defendant UVL misled Plaintiffs into believing that Defendant Dearman was a subsidiary of UVL or otherwise owned and controlled by Defendant UVL.

18. Defendant UVL misled Plaintiffs into believing that the moving services would be performed by UVL employees.

19. In or about March of 2022, Plaintiffs contacted Defendant Dearman to get a quote for the Move.

20. On or about March 18, 2022, Defendants conducted a virtual sales consultation with Plaintiffs to create an estimate for the Move ("Consultation").

21. During the Consultation, Defendants represented to Plaintiffs, including but not limited to:

    a. that Defendants would provide a "full-service move" and that Plaintiffs "wouldn't have to lift a finger;"

    b. that Defendants only used their own, fully trained, employees to perform moves, and that Defendants' employees were trained how to move pianos;

    c. that Defendants would come before the moving date to disassemble and pack everything into the moving truck ("Packing Date");

    d. that Defendants would specially crate and protect fragile items;

4

  e. that Defendants would provide a UVL truck large enough to fit all of Plaintiffs' belongings;

  f. that Defendants would have a dedicated team of movers when they arrived in Florida to unpack, unwrap, reassemble, and place Plaintiffs' belongings at their move destinations;

  g. that Defendants would be able to include three moving destinations for the Move, including Unsal and Tulin Yonak's Condo ("Yonaks' Condo"), Arzu Yonak and Marc Claus' Condo ("Claus' Condo"), and a storage facility ("Storage Unit"); and,

  h. that Defendants would be able to complete the Move before 5:00 P.M. as Plaintiffs' HOA's would not allow them to move anything in after that time.

22. On or about March 18, 2022, Dearman created an estimate for the Move for $14,936.89 ("Estimate"). A true and accurate copy of the estimate is attached hereto as Exhibit A.

23. On or about June 11, 2022, relying on Defendants representations, Plaintiffs signed a contract with Defendant ("Contract").

24. A true and accurate copy of the Contract could not be attached to this Complaint as it was e-signed on Defendants' platform, Defendants did not provide a physical signed copy of the Contract to Plaintiffs, and Plaintiffs no longer have access to the Contract.

25. The Contract specified that Defendants were to move Plaintiffs belongings to three destinations for the price listed in the Estimate, and that Defendants were to specially crate fragile items so they would not be damaged.

26. On or about June 11, 2022, Plaintiffs provided Defendants with a credit card number to pay Defendants $14,936.89.

27.  After Plaintiffs signed the Contract, Defendants changed the Packing Date to be on the same day as the Move.

28.  On or about June 11, 2022, Plaintiffs provided an inventory sheet to Defendants which included the total estimated cubic feet of Plaintiffs belongings.

29.  After Plaintiffs signed the inventory sheet, Defendants took the inventory sheet and failed to provide Plaintiffs with a copy.

30.  On or about June 13, 2022, Defendants arrived at Plaintiffs' property at 4548 Glen Lake Dr., Powell, Ohio 43065 to begin packing for the Move.

31.  On or about June 13, 2022, Defendants provided a Penske moving truck that was too small to fit all of Plaintiffs' belongings instead of the UVL truck it promised to Plaintiffs.

32.  On or about June 13, 2022, Defendants failed to properly pack and crate Plaintiffs' belongings so that they would not be damaged.

33.  On or about June 13, 2022, Defendants could not fit all of Plaintiffs' belongings in the truck that it brought.

34.  On or about June 13, 2022, Plaintiffs were forced to leave some of their belongings behind or move them with their own vehicles.

35.  On or about June 13, 2022, Defendants failed to provide Plaintiffs with a final inventory of the items it took.

36.  On or about June 17, 2022, Defendants arrived at the Yonaks' Condo with only the truck driver ("Driver") to move Plaintiffs' belongings into the Condo.

37.  On or about June 17, 2022, Defendants informed Plaintiffs that there was an issue running their card.

38.  On or about June 17, 2022, Plaintiffs paid Defendants $14,936.89.

39. On or about June 17, 2022, Defendants asked random people on the street to assist with moving some of Plaintiffs' belongings as Defendants did not have enough people to complete the Move.

40. On or about June 17, 2022, Defendants provided additional movers at or around 4:00 P.M. but failed to inform Plaintiffs that the movers were independent contractors until after the Move.

41. On or about June 17, 2022, Defendants moved Plaintiffs' belongings into the Yonaks' Condo in a hurried and unworkmanlike manner.

42. On or about June 17, 2022, Defendants failed to complete the Move before 5:00 P.M.

43. On or about June 17, 2022, the additional movers refused to drive to Claus' Condo to continue the Move.

44. On or about June 17, 2022, Defendants forced Plaintiffs to pay for an additional mover to assist with the Move.

45. On or about June 17, 2022, Defendants continued the Move at Claus' Condo in an unworkmanlike manner.

46. Defendants did not finish moving Plaintiffs' belongings into the Claus' Condo until after the Storage Unit was closed.

47. On or about June 17, 2022, the additional mover Plaintiffs paid for left at the end of the day and did not return the next day to assist with the Move at the Storage Unit.

48. On or about June 18, 2022, Plaintiffs were forced to move their belongings into the Storage Unit due to Defendants' failure to provide adequate movers.

49. On or about June 17, 2022, the Driver informed Plaintiffs that he had never been trained to move a piano.

50. On or about June 17, 2022, the Driver informed Plaintiffs that this was his first cross-country move, and that he had never received any training for the Move.

51. Defendants refused to come back after June 17, 2022, to reassemble and place Plaintiffs' belongings.

52. On or about June 17, 2022, Plaintiffs discovered that many of their belongings had been severely damaged due to Defendants' poor workmanship during the Move.

53. Defendants failed to provide Plaintiffs with an itemized receipt or list of the individuals who performed the work after Plaintiff requested the same from Defendants.

54. Plaintiffs were unable to utilize Defendants' claim process to recover their damages as Defendants refused to provide Plaintiffs with the signed inventory list needed to start the claim process.

55. Defendants refused to return Plaintiffs phone calls after June 17, 2022.

56. Defendants repeatedly stalled or evaded Plaintiffs' attempts to resolve this matter through Defendants' claim process.

57. As a result of Defendants' actions and inactions, Plaintiffs belongings were damaged or broken in the Move.

58. Defendants refused to refund Plaintiffs more than $200 for the items that Defendants damaged.

59. Defendants damaged or broke well in excess of $200 of Plaintiffs' belongings and failed to complete the work it agreed to perform under the Contract.

60. As a result of Defendants' actions and violations described herein, Plaintiff suffered actual damages in excess of $25,000 in an amount to be proven at trial.

61. As a result of Defendants' actions and inactions, Plaintiffs suffered anxiety, stress, frustration, lack of sleep, and worry.

## COUNT I – CSPA VIOLATIONS AGAINST ALL DEFENDANTS

62. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

63. Defendants are and were subject to Ohio's Consumer Sales Practices Act, R.C. 1345.01, et seq. ("CSPA") at all times relevant to this Complaint.

64. Defendant are and were each a **Supplier** under the meaning of R.C. 1345.01(C) at all times relevant to this transaction. R.C. 4549.65(C)(1).

65. Plaintiffs are and were each a **Consumer** under the meaning of R.C. 1345.01(D) at all times relevant to this transaction. R.C. 4549.65(C)(1).

66. Plaintiffs' transaction with Defendants is and was a **Consumer Transaction** under the meaning of R.C. 1345.01(A) at all times relevant to this transaction. R.C. 4549.65(C)(1).

67. Plaintiff's Move was performed for personal, family, and/or household reasons.

68. Defendants' actions described in this Complaint are unfair, deceptive, and unconscionable acts and practices in violation of the CSPA including at R.C. 1345.02 and 1345.03.

69. Defendants committed acts and practices that have been determined by the Courts of this State to violate the CSPA. Said acts and practices were committed after such decisions were made available for public inspection under R.C. 1345.05(A)(3) and include, but are not limited to the following:

   a. Defendants committed unfair and deceptive acts and practices in violation of the CSPA by misrepresenting the quality and condition of the Move, including but limited to the amount of work it would perform, the training given to its

9

employees, the type of truck it would use, and that Plaintiffs would not have to

assist in lifting and moving their belongings. *Polczynski v. Unsurpassed Holdings*

*LLC*, Case No. CV-2018-05-2261 (PIF No. 3519); *Hamilton v. Ball*, Case No.

13CA3533 (PIF No. 10003122);

b. Defendants committed unfair and deceptive acts and practices in violation of the

CSPA by: 1) making numerous misrepresentations of fact or opinion at the time

of the contract formation which Defendants knew Plaintiffs would rely upon to

their detriment, and 2) representing that the Move was of particular price,

standard, quality, grade, style, or model when it was not. *Kraemer v. Prudential*

Auto Credit, LLC, Case No. CV-2016-11-4986 (PIF No. 3331); *Hamilton v. Ball*,

Case No. 13CA3533 (PIF No. 10003122); *Fry v. Boasko's RT. 4 Automall LLC*,

Case No. CVF 11 02385 (PIF No. 10003025);

c. Defendants made disclosures to Plaintiffs and provided advertisements that were

not sufficiently specific so as to leave no reasonable probability that the terms of

their offer might be misunderstood; used a statement, layout, or illustration in

their advertisements that created false impressions as to the material aspects of the

advertisements; and, conveyed an erroneous impression as to the standard of the

Move. *State ex rel. Petrpe v. Monroe Dodge-Chrysler, Inc.*, Case No.

CI0200501304 (PIF No. 10002349).

d. Defendants failed to perform services in a competent and workmanlike manner

and then failed to take steps necessary to correct such defective work, including

but not limited to, finishing work not completed, damaging Plaintiffs' belongings,

and providing insufficient movers. *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.*, 89CIV1123 (PIF No. 10000240);

e. Plaintiffs paid for services from Defendant who failed to deliver the services as promised in violation of the CSPA. *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.*, 89CIV1123 (PIF No. 10000240);

f. Defendants knowingly breached the Contract. *Mobley v. Hail Yeah, LLC*, Case No. 2017 CV 633 (PIF No. 3399);

g. Defendants failed to complete the Move in a reasonable amount of time. *Mobley v. Hail Yeah, LLC*, Case No. 2017 CV 633 (PIF No. 3399);

h. Defendants failed to fulfill the Contract in accordance with the representations and guarantees they made, both in writing and orally, including but not limited to, the failure to provide, the services and refunds pursuant to those representations and guarantees. *State ex rel. Brown v. Haupt; Lenix Fence Co.*, Case No. 73CV103621 (PIF No. 10000009);

i. Defendants accepted substantial payment from Plaintiffs and failed to deliver the goods and services contracted for, and failed to return the payments to Plaintiffs, without justification. *State ex rel. Petro v. American Eagle, Inc.*, CV2004-1067 (PIF No. 10002400);

j. Defendants failed to provide Plaintiff with the written form as required by R.C. 1345.23 (B)(2), by which Plaintiffs could exercise their (3) day right of cancellation at the time of signing the Contract. *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.*, 89CIV1123 (PIF No. 10000240); *State ex rel. Yost v. Myers*, Case No. 18 CV 6966 (PIF No. 3508);

    k.  Defendants failed to return multiple customer service inquires from Plaintiff. *Mobley v. Hail Yeah, LLC*, Case No. 2017 CV 633 (PIF No. 3399);

    l.  Defendants maintained a pattern of inefficient incompetence and continually stalled or evaded their legal obligations. *Hail Yeah, LLC; Justin Grant; Mark Fernandez*, Case No. 2017 CV 633 (PIF No. 3399);

    m.  Defendants failed to move specific described belongings. *State ex rel. Brown v. Van Walsen*, Case No. 75CV052013 (PIF No. 10000004);

    n.  Defendants failed to disclose that there were services that they would not perform as a part of the Move during the Consultation. *State ex rel. Brown v. Van Walsen*, Case No. 75CV052013 (PIF No. 10000004);

    o.  Defendants failed to disclose the nature of the business relationship between UVL and Dearman, the owner of and type of trucks that were to be used during the Move, and the nature of the contractual relationship between Defendants and the individuals who would be performing the Move prior to Plaintiffs signing the Contract. *State ex rel. Brown v. Van Walsen*, Case No. 75CV052013 (PIF No. 10000004); and,

    p.  Defendants repeatedly stalled or evaded Plaintiffs' attempts to resolve this matter through Defendants' claim process. *Martino v. Wells Moving & Storage*, Case No. 03CV60923 (PIF No. 10002212).

70.  Defendants' actions described herein are unfair or deceptive acts and unconscionable practices in violation of the CSPA including pursuant to rules adopted by the Attorney General at Ohio Adm.Code 109:4-3-05, *et seq.* and include, but are not limited to the following:

a. Defendants violated Ohio Adm.Code Section 109:4-3-05, *et seq*. because it did not refrain from acts and practices which violate the CSPA, in particular, those which violate the Failure to Deliver Rule, Ohio Adm.Code 109:4-3-09. *In re Amish Traditions Distributing Inc.* (No. 535556) (PIF No. 3378);

b. Defendants failed to provide Plaintiffs with a binding written estimate in the form required by Ohio Adm.Code Section 109:4-3-05(A). *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.*, 89CIV1123 (PIF No. 10000240);

c. Defendants failed to provide Plaintiffs with an itemized list of the services they rendered including the amount charged for labor, and the identity of the individuals performing the services as required by Ohio Adm.Code Section 109:4-3-05(D)(12). *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.*, 89CIV1123 (PIF No. 10000240); and,

d. Defendants failed to provide Plaintiffs with a deposit receipt advising Plaintiffs of whether their deposit was refundable and, if so, under what conditions it is refundable, in violation of the Deposit Rule, Ohio Adm.Code Section 109:4-3-07(B). *State ex rel. Celebrezze v. Rice; American Home Improvement Co., et al.*, 89CIV1123 (PIF No. 10000240).

71. Defendants' actions described in this Complaint are unfair, deceptive, and unconscionable acts and practices in violation of the CSPA including at R.C. 1345.02 and R.C. 1345.03.

72. Defendants knowingly committed unfair, deceptive, and unconscionable acts and practices.

73. As a result of Defendants' unfair, deceptive, and unconscionable acts and practices, Plaintiff suffered undue stress, anxiety, and embarrassment.

74. Defendants are liable to Plaintiffs for an amount to be determined in emotional distress including pursuant to R.C. 1345.09(A) and (B), attorney fees, and costs of this action.

75. Plaintiffs are entitled to three times the amount of their damages including pursuant to R.C. 1345.09(B) from Defendants, jointly and severally.

76. As a result of Defendants actions and violations described herein, Plaintiff suffered total damages, trebled, in excess of $25,000 in an amount to be proven at trial.

## COUNT II –BREACH OF CONTRACT AGAINST ALL DEFENDANTS

77. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

78. As described in the Complaint, Plaintiffs and Defendants had a valid and enforceable agreement under the Contract.

79. Plaintiffs substantially performed their obligations under the Contract.

80. Defendants breached the Contract by their conduct described in the Complaint.

81. Due to Defendants' breach of contract, Plaintiffs have been damaged in an amount to be determined at trial plus interest and cost.

## COUNT III –FRAUD AGAINST ALL DEFENDANTS

82. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

83. Defendants made false representations as specifically alleged above.

84. Defendants' false representations were made with malice and rise above the level of normal fraud.

85. Defendants' representations, concealments, and/or failures to disclose were material.

14

86. Defendants acted with knowledge or with recklessness in their representations and omissions as specifically alleged above.

87. Defendants intended Plaintiffs to rely upon their representations to agree to hire Defendants to perform the Move.

88. Plaintiffs were justified in relying upon Defendants' representations and omissions.

89. As a result of Defendants' misrepresentations and/or omissions Plaintiffs suffered damages in an amount to be determined at trial.

90. Defendants are liable to Plaintiffs for punitive damages, attorney fees, and the costs of this action.

## COUNT IV –UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

91. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

92. Plaintiffs conferred a benefit on Defendants by paying them $14,936.89 under the attached Contract.

93. Defendants knew of and accepted the payments from Plaintiffs.

94. Defendants provided little to nothing of value to Plaintiffs for the money they paid.

95. Defendants' acceptance and retention of the benefit under the circumstances make it inequitable for Defendants to retain the payment.

96. Defendants were unjustly enriched by $14,936.89 and equity requires that Defendants return the $14,936.89 plus interest from the date that Defendants first improperly withheld that amount from Plaintiffs.

**WHEREFORE,** Plaintiffs pray the Court grant Plaintiffs the following against Defendants:

a.  Award Plaintiffs total damages, trebled, in an amount to be determined at trial in excess of $25,000;

b.  Award Plaintiffs the maximum economic, non-economic, actual, emotional, general, other, and statutory damages sought under each Count;

c.  Issue a declaratory order holding that Defendants' actions are violations of the CSPA and Ohio's Administrative Code;

d.  Mail a copy of the declaratory judgment requested under paragraph c to the Ohio Attorney General's Office pursuant to R.C. 1345.09 (E); and

e.  All other relief the Court deems fair and equitable.

Dated November 30, 2022.

Respectfully Submitted,

Kohl & Cook Law Firm LLC

Timothy J. Cook (0093538)
Sean M. Kohl (0086726)
Brian A. Brown (0096733)
*Attorneys for Plaintiff*
1900 Bethel Road
Columbus, OH  43220
(614) 763-5113 PH
(937) 813-6057 FAX
Sean@kohlcook.com
Timothy@kohlcook.com

**JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues.

Timothy J. Cook (0093538)

16

PAGE 01 OF 01


www.unitedvanlines.com   800-948-4885



## ESTIMATE **Exhibit A**

BIND DATE: 05/25/2022
U.S. DOT No. 077949

**ESTIMATE NUMBER**
U00106-VP84H8T

| | |
|---|---|
| **CUSTOMER:** Unsal Yonak | **CUSTOMER:** Unsal Yonak |
| **ADDRESS:** 4548 Glen Lakes Drive     APT.: | **ADDRESS:** 18 Royal Palm Way     APT.: 507 |
| **CITY, STATE, ZIP:** POWELL     OH, 43065 | **CITY, STATE, ZIP:** BOCA RATON     FL, 33432 |
| **ORIGIN PHONE:** 419-235-2181 | **DESTINATION PHONE:** 419-235-2181 |
| **CONTACT:**          PHONE: | **CONTACT:**          PHONE: |
| **EMAIL ADDRESS:** | **EMAIL:** uyonak@yahoo.com |
| **COMPANY**(Associated With): | **FORM OF PAYMENT SELECTED:** CREDIT CARD |
| **PACKING DATE START:** 06/11/2022   FINISH: 06/11/2022 | |
| **LOAD SCHEDULED START:** 06/13/2022   FINISH: 06/13/2022 | **DELIVERY DATE RANGE:** 06/17/2022   TO: 06/27/2022 |

MOVE FROM:

MOVE TO:

**WARNING:** If a moving company loses or damages your goods, there are two (2) different standards for the company's liability based on the types of rates you pay. **BY FEDERAL LAW, THIS FORM MUST CONTAIN A FILLED-IN ESTIMATE OF THE COST OF A MOVE FOR WHICH THE MOVING COMPANY IS LIABLE FOR THE FULL (REPLACEMENT) VALUE OF YOUR GOODS** in the event of loss of, or damage to, the goods. This form may also contain an estimate of the cost of a move in which the moving company is liable for **FAR LESS** than the replacement value of your goods, typically at a lower cost to you. You will select the liability level later, on the bill of lading (contract) for your move. Before selecting a liability level, please read "Your Rights and Responsibilities When You Move," provided by the moving company, and seek further information at the government website "www.protectyourmove.gov."

## YOUR TOTAL PRICE INCLUDES ONLY THE FOLLOWING:

| SERVICE DESCRIPTION | | | CHARGE |
|---|---|---|---|
| BOUND TOTAL          BOUND WEIGHT   7,159 LBS. | | | 14,236.89 |
| FVP   $0 DEDUCTIBLE        $43,000.00  IN COVERAGE | | | INCLUDED |
| CARTON TYPE | PACK | UNPACK | |
| CARTONS 3 CU. FT. | 1 | | INCLUDED |
| CARTONS 4 1/2 CU FT. | 1 | | INCLUDED |
| TWN MAT CTN/BAG | 2 | 2 | INCLUDED |
| CORR MIRROR CTN | 16 | | INCLUDED |
| EXTRA STOP        AT ORIGIN        POMPANO BCH, FL | | | INCLUDED |
| EXTRA STOP        AT DESTINATION 777 Federal Highway unit N208 POMPANO BCH, FL | | | INCLUDED |
| ****  NON-BOUND SERVICES   **** | | | |
| ADV 3RD PARTY CHRGS  AT ORIGIN      CRATING | | | 500.00 |
| ADV 3RD PARTY CHRGS  AT DESTINATION UNCRATING | | | 200.00 |

## BINDING

For this binding estimate, Carrier must deliver the
shipment upon payment of 100% of the Total Price.

**TOTAL: $**  **14,936.89**
( Unless a New Estimate / Order for Service is Executed )

This binding estimate is valid when accepted and signed by 06/24/2022.  This binding estimate applies only to the specific services and quantities listed above for loading on 06/13/2022.  Changes to the Load Date could result in a price change.  All bound services listed are included in the total.

☐ By checking this box and signing below you are explicitly waiving your right to have United Van Lines conduct a physical survey of your shipment and will accept United Van Lines's estimate of charges based on a virtual survey, along with any other related services determined necessary by United Van Lines as necessary to complete the transportation of your property.

**Estimate Acknowledgement**

Customer's signature is required here, acknowledging the receipt of the following: 1) Estimate ; 2) Your Rights & Responsibilities When You Move and Ready to Move brochures (which I agree may be provided electronically); and 3) Inventory of Items valued in Excess of $100 Per Pound Per Article (High Value Inventory) form.

X_____     X_____
Customer's Signature          (Date Received)     Carrier's Representative Signature     2022-09-28 18.40     (Agent Code)

**1 PREMIER DRIVE  FENTON, MO. 63026    800 - 948 - 4885**

1PAGE_ESTM_GPP1NW_UVL_Rev_2019_01_01.pdf - V01