**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNSAL YONAK ET AL.,** | ) | **CASE NO. 1:23CV0092** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **UNITED VAN LINES, LLC., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**<u>CHRISTOPHER A. BOYKO, J:</u>**

This matter is before the Court on Defendants' United Van Lines, LLC ("United") and

J-Trac, Inc. d/b/a Dearman Moving & Storage ("Dearman") Amended Motion to Dismiss.

(ECF # 11).  For the following reasons, the Court grants, in part, and denies, in part,

Defendants' Motion.

On December 5, 2022, Plaintiffs Unsal Yonak, Tulin Yonak, Arzu Yonak and Marc

Claus filed their Complaint with the Richland County Court of Common Pleas against

Defendants J-Trac, Inc. d/b/a Dearman Moving & Storage ("Dearman") and United Van

Lines, LLC ("United").  Plaintiffs allege they hired Defendants to move their household

goods from Ohio to Florida but the Defendants failed to deliver the goods per the parties'

written agreement and damaged some of Plaintiffs' property in the course of transporting

Plaintiffs' goods.

On January 17, 2023, Defendants removed the case to federal court, alleging that all Plaintiffs' state law claims were preempted by the Carmack Amendment, a federal statute providing the exclusive remedy, with limited exceptions, for claims arising from the interstate transportation of household goods.

On January 24, 2023, Defendants filed a Motion to Dismiss and on February 14, 2023, Plaintiffs filed their First Amended Complaint, alleging a federal claim for violation of the Carmack Amendment against Defendant Dearman as well as Ohio state law claims for violation of Ohio Consumer Sales Practices Act against Dearman and United, Breach of Contract against United, Fraud against all Defendants and Unjust Enrichment against United.

## Factual Allegations

According to the First Amended Complaint, Plaintiffs contracted with Defendants to move their household goods from Ohio to Boca Raton, Florida in June of 2022.   Plaintiffs contacted United to perform the move.  United misled Plaintiffs into believing United employees would perform the move.  United informed Plaintiffs that United's local carrier, Dearman, would move Plaintiffs' household goods.  Unbeknownst to Plaintiffs, Dearman was neither a subsidiary of, nor owned or controlled by United.   Dearman performed the move, thus, United acted solely as a broker in obtaining Dearman's services for Plaintiffs.

Plaintiffs received an estimate from Dearman for the move that included: an inventory of the goods, packing and unpacking, specially wrapping of goods designated "fragile," transportation and making three stops in Florida to unload household goods at the Yonaks, Marc Clauses and a storage facility.  In addition, Dearman ensured Plaintiffs they would provide a truck suitable to transport all Plaintiffs' goods, have sufficient movers to unload the

household goods in Florida and that the move would be completed in Florida by 5:00 p.m. as the Yonaks' condo association prohibited moving in after that time.  Defendants provided an estimate of $14,936.89 for the move.

Problems began immediately upon the arrival of Dearman at the Yonaks' Ohio home to move Plaintiffs' goods on June 13, 2023.   According to Plaintiffs, the truck Defendants provided was too small to transport all of Plaintiffs' household goods, despite the parties having prepared before the move an inventory sheet with an  estimated cubic footage of the goods to be transported.  As a result, Plaintiffs were forced to leave goods behind or transport the excess themselves.  Next, Dearman failed to properly wrap a number of the goods, resulting in damage to the improperly wrapped goods.  Upon arrival in Florida on June 17, 2022, Dearman only provided the driver and did not have any additional personnel to unload the goods until after 4:00 p.m., resulting in Dearman's failure to have the goods unloaded before the condo-imposed 5:00 p.m. deadline.  Defendants failed to assemble products at the destination that they were contractually obligated to reassemble.  Plaintiffs were further forced to pay for additional movers when Dearman movers refused to deliver household goods to Claus' condo despite it being contractually bargained-for.  Plaintiffs were also compelled to move the remaining items to the storage facility as Dearman failed to do so. Defendants failed to respond to numerous attempts by Plaintiffs to resolve the disputed issues after the move and Defendants failed to inform Plaintiffs of an arbitration procedure for settling disputes.  Defendants also failed to provide Plaintiffs with an itemized inventory list that was required before a claim could be filed.  Finally, Defendants charged more tariffs than were bargained for in the contract.

**Defendants' Motion to Dismiss**

Defendants move to dismiss all Plaintiffs' state law claims and claims against Defendant Dearman as they are purportedly preempted by the Carmack Amendment. According to Defendants, Dearman is not a proper Defendant as they acted merely as an agent of United.  Under the Carmack Amendment at 49 U.S.C. § 13907, Dearman, as agent of United, has no separate liability.  The Bill of Lading between Plaintiffs and United expressly designates Dearman as agent of United.  Moreover, United is a federally registered motor carrier, not a broker as Plaintiffs allege.  Thus, under applicable federal law any claims arising out of the interstate transportation of household goods are actionable solely against the carrier, which in this case is United.  In addition, because the Carmack Amendment at 49 U.S.C. § 14501 completely preempts any state law claims arising from the interstate transportation of household goods, all Plaintiffs' state law claims must be dismissed as a matter of law.

Defendants also argue that Plaintiffs' allegations in their First Amended Complaint directly contradict the allegations made in their original Complaint and as a result, the Court need not construe those allegations as true.  In their original Complaint, Plaintiffs alleged Dearman was acting as United's agent for the move.  However, they removed this allegation in their First Amended Complaint in order to avoid Carmack Amendment preemption. Moreover, in their original Complaint, Plaintiffs directed no claims against Dearman but instead alleged their claims against Defendants in general.

The Bill of Lading identifies United as the carrier for Plaintiffs' goods with Dearman acting as agent.  However, in response to Defendants' original Motion to Dismiss, Plaintiffs'

First Amended Complaint identified United as broker, directly contradicting their allegations in the original Complaint.  Under the Carmack Amendment only United would be liable for damages Plaintiffs suffered arising from the interstate shipment of their household goods by Dearman because United, not Dearman, was the designated carrier and Dearman acted solely as an agent of United.

Because federal law provides the exclusive remedy for damages that arise out of the interstate transportation of goods, Defendants contend it preempts all Plaintiffs state law claims including its  Ohio Consumer Sales Practices Act ("OSCPA") claims, their Breach of Contract claim and claims for Fraud and Unjust Enrichment.

Lastly, Defendants contend that the Federal Aviation Administration Authorization Act preempts Plaintiffs' state law claims as it preempts all state law claims against carriers for the transportation of property.

**Plaintiffs' Opposition**

Plaintiffs contend the new allegations in their First Amended Complaint are not the result of any intent to deceive the Court, but rather were due to meet the pleading standard of the Federal Rules of Civil Procedure.  Also, the amendments were due largely to Defendants' failure to provide Plaintiffs the full contract between the parties.   Defendants falsely represented it was United that would be performing the move when, in fact, it was Dearman. This information was only discovered when Defendants attached the Bill of Lading to the Notice of Removal.  Upon discovery of this information, Plaintiffs filed their First Amended Complaint to reflect the newly discovered facts.

Plaintiffs contend it was Dearman and not United that provided the moving services.

United acted merely as a broker.  It was Dearman, not United that provided the estimate of the moving costs which Plaintiffs paid.  It was Dearman that damaged Plaintiffs' goods and breached the contract with Plaintiffs.

The Carmack Amendment does not preempt claims against an interstate shipping broker like United.  Plaintiffs acknowledge that the Carmack Amendment preempts most state law claims against carriers.   It does not matter what United held itself out as, but rather what it actually did in connection with the move.  United did not do inventory, did not pack or unpack the trucks.  The trucks used were not United trucks, instead, all United did was arrange for Dearman to perform the move.  Thus, under the relevant definitions, United was a broker.

Plaintiffs further contend that the Carmack Amendment does not bar Plaintiffs' state law claims against Dearman for Fraud and violations of the OSCPA because these claims concern Dearman's deceptive advertisements, deceptive trade practices and infliction of emotional distress and are therefore, unrelated to the actual transportation of goods.

Finally, for these same reasons, Plaintiffs contend that the Federal Aviation Administration Authorization Act also does not preempt their state law claims.

## **STANDARD OF REVIEW**

### **Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "Under Rule 12(b)(6), a complaint may be dismissed 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Morgan v.*

*Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

A claim must, "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. 678 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 556) (2017)). "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2017)).

In deciding a motion to dismiss under 12(b)(6), a court must accept as true all the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, courts must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). However, plaintiff must provide "more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 557.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

7

**Carmack Amendment**

The Carmack Amendment of 1906 is an amendment to the Interstate Commerce Act, which established nationally the imposition of carrier liability for loss or damages to goods transported in interstate commerce. See *Adams Express Co. v. Croninger,* 226 U.S. 491, 503–06, 33 S.Ct. 148, 57 L.Ed. 314 (1913). "The Amendment restricts carriers' ability to limit their liability for cargo damage. It makes a motor carrier fully liable for damage to its cargo unless the shipper has agreed to some limitation in writing." *Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148 (6th Cir. 2015) citing 49 U.S.C. § 11706(a), (c), § 14101(b). "Making carriers strictly liable relieves shippers of the burden of determining which carrier caused the loss as well as the burden of proving negligence." *Exel,* 807 F.3d at 148 citing *Certain Underwriters at Interest at Lloyds of London v. UPS,* 762 F.3d 332, 335 (3d Cir.2014). "Carriers in turn acquire reasonable certainty in predicting potential liability because shippers' state and common law claims against a carrier for loss to or damage were preempted. (Internal citation omitted). Section 14706(a)(1) makes the carrier liable to the person entitled to recover under the receipt or bill of lading. 49 U.S.C. § 14706(a)(1)." *Exel,* 807 F.3d 148.

"To set forth a prima facie case under the Carmack Amendment, a shipper must establish the following: (1) the delivery of goods to the carrier in good condition, (2) the arrival of goods in damaged condition, and (3) the amount of damages measured by actual loss." *Renouf v. Aegis Relocation Co. Corp.,* No. 5:22-CV-497, 2022 WL 16963838, at *3 (N.D. Ohio Nov. 15, 2022) (citing *Mo. Pac. R.R. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S. Ct. 1142, 12 L. Ed. 2d 194 (1964)).

The parties dispute which Defendants are subject to the Carmack Amendment. According to Plaintiffs' First Amended Complaint, only Dearman is subject to the Carmack Amendment as it was at all times the carrier of Plaintiffs' household goods.  Plaintiffs' First Amended Complaint further alleges that United is not subject to the Carmack Amendment because at all times in the transaction and transportation it merely acted as a broker.  Because the Carmack Amendment does not govern the actions of brokers in interstate shipping, Plaintiffs have not asserted, nor have they provided facts that plausibly allege a Carmack Amendment claim against United.

Defendants argue that the Bill of Lading demonstrates that it was United who was the carrier and is subject to the Carmack Amendment while Dearman was United's disclosed agent and is therefore exempt from liability under the same.  The Bill of Lading, which Defendants attached to their Notice of Removal, shows that it was provided on United letterhead and identifies Dearman Moving & Storage as Agent of United.

Defendants assert that Dearman at all times was acting as agent of United and this fact was expressly asserted by Plaintiffs in their original Complaint.  It was only after Defendants moved to dismiss the original Complaint that Plaintiffs amended to expressly identify Dearman as carrier in order to circumvent their failure to assert a Carmack Amendment claim.

Plaintiffs respond that the Bill of Lading was in Defendants' sole  possession and further contend that the Bill of Lading attached to the Notice of Removal is not the entire, final agreement.

The Carmack Amendment, at 49 U.S.C.A. § 14706,  reads in pertinent part:

(a) General liability.--

9

(1) Motor carriers and freight forwarders.--A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702.

49 U.S.C. § 13907 concerning agents of carriers reads:

(a) Carriers responsible for agents.--Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

There is no question that the Carmack Amendment precludes liability for agents of carriers for damage to shipped goods.  However, the First Amended Complaint alleges that United was merely the broker in the action and that Dearman was the carrier.  It is these relationship issues that the parties dispute and will require factual findings before the Court may decide the issue.   "The Carmack Amendment precludes liability of an agent of a motor carrier by extending the principles of agency law." *Post v. Atlas Van Lines, Inc.*, No. 2:06-CV-00854, 2007 WL 9734748, at *4 (S.D. Ohio Sept. 20, 2007) citing *O'Donnell v. Earle W. Noyes & Sons,* 98 F.Supp.2d 60, 63 (D. Me. 2000) ("It is not the statutory language itself that shields ... from liability under § 14706 ... it is Noye's status as a disclosed agent that is determinative.").

10

Moreover, Plaintiff's First Amended Complaint alleges that the Bill of Lading attached to the Notice of Removal is not the complete contract and that the actual contract governing the parties' agreement is not before the Court.  Because the Court must construe this allegation as true on a Rule 12(b)(6) Motion, the Court cannot determine the roles each party played regarding the move.  Thus, the Court denies Defendants' Motion to Dismiss Count One of Plaintiffs' First Amended Complaint.

However, because Plaintiffs' First Amended Complaint alleges Dearman was the carrier in regards to the transportation of Plaintiffs' household goods, construing that allegation as true at this stage of the proceedings requires the Court to examine Plaintiffs' state law claims for violations of the OCSPA, (Count Two) and  Count Five (Fraud)  against Dearman to determine if they are preempted by the Carmack Amendment.

"It is well settled that the Carmack Amendment completely preempts a shipper's state common law and statutory causes of action."  *Renouf v. Aegis Relocation Co. Corp.,* No. 5:22-CV-497, 2022 WL 16963838, at *3–4 (N.D. Ohio Nov. 15, 2022) citing  *Adams Express Co. v. Croninger,* 226 U.S. 491, 505–06, 33 S. Ct. 148, 57 L. Ed. 314 (1913); see also *Automated Window Mach., Inc. v. McKay Ins. Agency, Inc.,* 320 F. Supp. 2d 619, 620 (N.D. Ohio 2004).  In *Adams Express,* the Supreme Court stated, "[a]lmost every detail of the [shipper-interstate carrier relationship] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and superseded all state regulation with reference to it."  *Adams Express*, 226 U.S. at 505–06.   Thus, the Supreme Court has expressly determined that all state law claims for loss or damage to property arising out of the interstate transportation of household goods are preempted by the Carmack

11

Amendment. See also *Moffit v. Bekins Van Lines Co.,* 6 F.3d 305, 306–07 (5th Cir. 1993) (State law claims preempted by the Carmack Amendment include intentional and negligent infliction of emotional distress, breach of contract, misrepresentation, fraud, negligence, and gross negligence).

Although the Carmack Amendment includes an exception for state law claims that are unrelated to loss or damage to goods from interstate transport, it is a very limited exception. "The exception is quite narrow, however, as the preemption embraces all loses resulting from any failure to discharge a carrier's duty as to any party of the agreed transportation." *Next F/X, Inc. v. DHL Aviation Ams., Inc.*, 429 F. Supp. 3d 350, 361 (E.D. Ky. 2019); see also *York v. Day Transfer Co.,* 525 F. Supp. 2d 289, 299 (D.R.I. 2007). ("Thus, to avoid [Carmack] preemption a party must allege conduct on the part of the carrier that is independent from the shipping and transportation [and delivery] of goods at issue, and even from the claims process that may follow—something akin to an allegation of assault and injury inflicted by the carrier upon the shipper." (citations omitted)).

Here, Plaintiffs' state law claims against Dearman are preempted by the Carmack Amendment as both arise from loss or damage to goods shipped interstate.  In their Ohio Consumer Sales Practices Act claim Plaintiffs allege that Dearman  misrepresented the quality and condition of the work it would perform in the interstate shipping of Plaintiffs' household goods and in the contract to ship the goods; failed to perform the move in a workmanlike manner and failed to deliver under the contract for interstate shipment.  In short, all Plaintiffs' claims against Dearman for violation of the OCSPA arise out of the shipment of interstate household goods and are therefore, preempted.

12

In addition, Plaintiffs' Fraud claim against Dearman is also preempted as it also concerns the alleged misrepresentations arising from the shipment of interstate household goods.

Therefore, for the foregoing reasons, the Court grants in part and denies in part, Defendants' Motion to Dismiss claims against Dearman.

**<u>United</u>**

With regards to Plaintiffs' claims against United, at issue is United's role in the transaction.  Plaintiffs' First Amended Complaint alleges United acted as a broker and not as a carrier.  Defendants contend that the Bill of Lading clearly describes United as the carrier.  Under the Carmack Amendment, this distinction is important because the Carmack Amendment does not apply to brokers.  See *Exel, Inc. v. S. Refrigerated Transp., Inc.,* 807 F.3d 140, 149 (6th Cir. 2015) quoting *Edwards Bros., Inc. v. Overdrive Logistics, Inc.,* 260 Ga.App. 222, 581 S.E.2d 570, 572 (2003) ( "the Carmack Amendment was enacted to protect the rights of shippers suing under a receipt or bill of lading, not brokers").  See also *Total Quality Logistics, LLC v. O'Malley,* No. 1:16-CV-636, 2016 WL 4051880, at *2 (S.D. Ohio July 28, 2016).  "The liability provisions within the Carmack Amendment do not apply to brokers and therefore, a broker is not a proper party in a Carmack Amendment cause of action."

Because Plaintiffs allege that the contract provided by Defendants in the Notice of Removal is not the full agreement and that there exists in Defendants' possession a complete contract esigned by Plaintiffs, the Court denies Defendants' Motion with regard to Plaintiffs' claims against United.  The Court cannot make the determination until the complete contract

13

is provided or evidence demonstrates the contract provided is the full operative agreement governing the move.  In the absence of the operative agreement, the Court is unable to establish as a matter of law, United's role in the interstate transport of Plaintiffs' household goods and thus, whether the Carmack Amendment applies to Plaintiffs' claims against United.

Defendants also contend Plaintiffs' state law claims are preempted by the Federal Aviation Administration Authorization Act but this legislation also applies solely to carriers and for the same reasons as those applying to the Carmack Amendment, the Court must resolve United's status under the operative contract before it can determine whether Plaintiffs' state law claims are preempted.

Therefore, for the foregoing reasons, the Court denies Defendants' Motion to Dismiss Plaintiffs' claims against United.  Defendants may reassert their arguments at a later date upon the production of or establishment of the operative contract governing the parties' interstate shipment of Plaintiffs' household goods.

The Court grants Defendants' Motion to Dismiss Plaintiffs' state law claims at Count Two and Count Five of their First Amended Complaint directed at Dearman as these claims are preempted by the Carmack Amendment.  The Court denies at this time, subject to refiling, Defendants' Motion to Dismiss Plaintiffs' Carmack Amendment claim against Dearman and all claims against United as these claims are dependent on the establishment of the operative contract.

IT IS SO ORDERED.

/s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

14